IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KRISTINA E. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:18CV00486 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW SAUL, | ) | By: Hon. Glen E. Conrad |
| Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff Kristina Elaine Brown has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g).

By order entered June 28, 2019, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On February 25, 2020, the magistrate judge submitted a report in which he recommends that the court affirm the Commissioner's final decision. Plaintiff has filed objections to the magistrate judge's report, and the matter is now ripe for the court's consideration.

The court is charged with performing a de novo review of the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1)(B). In the instant case, the court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640, 642 (4th

Cir. 1966). Substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and citation omitted). Thus, "the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). In reviewing for substantial evidence, the court does not "re-weigh conflicting evidence, make credibility determinations, or substitute [the court's] judgment for that of the [Administrative Law Judge]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks and citation omitted).

The plaintiff, Kristina Elaine Brown, was born on July 3, 1963. She eventually graduated from high school. (Tr. 206). Ms. Brown has previously worked as a home care attendant, school cook, and data entry clerk. (Tr. 72, 212). She last worked on a regular and sustained basis in 2014. (Tr. 42, 206). On June 10, 2014, Ms. Brown filed an application for disability insurance benefits. (Tr. 192). In filing her current claim, Ms. Brown alleged that she became disabled for all forms of substantial gainful employment on March 21, 2014, due to a transient ischemic attack ("TIA") in her right eye, disintegrating knee joints, a hole in her heart, and depression. (Tr. 192, 205). Ms. Brown now maintains that she has remained disabled to the present time. The record reflects that Ms. Brown met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Ms. Brown's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge ("Law Judge" or "ALJ"). In an opinion dated January 4, 2018, the Law Judge also determined,

after applying the five-step sequential evaluation process, that Ms. Brown is not disabled. See 20 C.F.R. § 404.1520.[1] The Law Judge found that Ms. Brown suffers from several severe impairments, including "status post transient ischemic attack(s)/migraines; degenerative joint disease of the knee, status post arthroscopic surgery; chronic kidney disease; obesity; anxiety disorder; [and] depressive disorder." (Tr. 22). However, the Law Judge determined that these impairments do not, either individually or in combination, meet or medically equal the requirements of a listed impairment. (Tr. 22). The Law Judge assessed Ms. Brown's residual functional capacity as follows:

> The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. [§] 404.1567(b),[2] except she remains able to no more than occasionally use the lower extremities for operation of foot controls, crawl, crouch, kneel, stoop, and climb ramps and stairs, is precluded from climbing ladders, ropes, or scaffolds, and remains able to frequently balance. The claimant is precluded from work around hazards such as machinery and unprotected heights. The claimant remains able to understand, remember, and carry out simple instructions in a work environment with few day-to-day changes. The claimant is precluded from work with the general public and remains able to no more than occasionally interact with co-workers and supervisors.

---

[1] The process requires the Law Judge to consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and (5) if not, whether she can perform other work in the national economy. 20 C.F.R. § 404.1520. If a decision can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. Id.

[2] "Light work" is defined in the regulation as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

(Tr. 18). Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge determined that Ms. Brown is unable to perform any of her past relevant work. However, the Law Judge found that Ms. Brown retains the capacity to perform other unskilled, light work roles existing in significant number in the national economy. (Tr. 28). Accordingly, the Law Judge concluded that Ms. Brown is not disabled, and that she is not entitled to a period of disability or disability benefits. See generally 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Brown has now appealed to this court.

While the plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether she is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of physicians and other medical sources; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159–60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

As previously noted, the court referred the case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. In his report, the magistrate judge recommended that the court affirm the final decision of the Commissioner denying the plaintiff's claim for disability benefits. Succinctly stated, the magistrate judge determined that substantial evidence supports the Law Judge's finding that Ms. Brown retains the

residual functional capacity to perform certain unskilled, light work roles and is therefore not disabled under the Social Security Act.

In her objections to the report and recommendation, Ms. Brown takes issue with the magistrate judge's findings and conclusions as to four of the issues raised in her motion for summary judgment. The first issue is whether the magistrate judge erred in concluding that substantial evidence supports the Law Judge's decision to assign little weight to the opinion of Marvin A. Gardner, Jr., Ph.D., who performed a consultative psychological examination on October 2, 2015. Based on his clinical findings and the reported mental health history, Dr. Gardner diagnosed plaintiff with "[p]ersistent depressive disorder with pure dysthymic syndrome, moderate." (Tr. 847). He noted that plaintiff's recent memory, long-term memory, ability to do computation, and ability to think abstractly were mildly or moderately impaired. (Tr. 846–47). Dr. Gardner found plaintiff's fund of general information to be "poor," and noted that she "would have a marked impairment of concentration, persistence, or pace when attempting simple and repetitive work tasks." (Tr. 846–47). Dr. Gardner assessed plaintiff's mental residual functional capacity as follows:

> Kristina Brown is able to perform simple and repetitive work tasks and to maintain regular attendance in the workplace. She is not able to perform work activities on a consistent basis due to marked impairment of concentration, persistence, or pace . . . . She is of normal intelligence and is able to perform work activities without special or additional supervision. She is able to complete a normal workday or work week without interruptions resulting from her psychiatric condition. She was able to accept all instructions given by this examiner and to respond appropriately. She is able to accept instructions from supervisors. She is able to interact with coworkers and with the public . . . .

(Tr. 848).

Under the applicable regulations, the Law Judge must evaluate every medical opinion he receives, and consider a number of nonexclusive factors to determine the weight to accord each

opinion. 20 C.F.R. § 404.1527(c). To facilitate meaningful review, the Law Judge "must state with particularity the weight given to different medical opinions and the reasons therefor." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011). Unless the Law Judge "explicitly indicates the weight given to all of the relevant evidence," a reviewing court cannot determine whether the Law Judge's findings are supported by substantial evidence. Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

In this case, the Law Judge specifically articulated the weight that he afforded to Dr. Gardner's opinion, as required by existing precedent. In particular, the Law Judge determined that Dr. Gardner's opinion was entitled to "little weight" because Dr. Gardner's findings were "internally inconsistent" and "inconsistent with [Ms. Brown's] mental health treatment records." (Tr. 27). The Law Judge noted that Dr. Gardner indicated that Ms. Brown was able to perform simple and repetitive work tasks, maintain regular attendance, and complete a normal work day or workweek without interruptions from her mental health conditions, but then "inconsistently opined" that she was unable to perform work activities on a consistent basis. (Tr. 27). The Law Judge also emphasized that plaintiff's treatment records "contain no objective findings to support significant memory and cognitive limitations." (Tr. 27).

Upon review of the record, the court concludes that the Law Judge adequately explained his decision to discredit Dr. Gardner's opinion. The regulations expressly permit a Law Judge to assign weight to a medical opinion based on how "consistent [the] medical opinion is with the record as a whole." 20 C.F.R. § 404.1527(c)(4). Thus, the Law Judge clearly expressed a legitimate reason for discounting Dr. Gardner's opinion. Having reviewed the record in its entirety, the court is satisfied that substantial evidence supports the Law Judge's decision. The Law Judge accurately observed that the records from Ms. Brown's treating clinicians do not

contain objective findings indicative of significant cognitive limitations or memory problems. (Tr. 765–841). As the Law Judge noted in his decision, Ms. Brown regularly saw a primary care physician or physician's assistant for psychotherapy medication management well before her alleged onset date. On July 22, 2013, Beverly Forry, a physician's assistant, noted that Ms. Brown had "been on Prozac for years," which was working well for her, and that she was taking Xanax when needed for anxiety. (Tr. 418). On March 27, 2014, immediately after the alleged onset date, Ms. Brown's mood and affect were found to be "normal," and a review of symptoms was "[n]egative for depression." (Tr. 443). The same was true in April and May of 2014. (Tr. 451, 459). Although Ms. Brown appeared anxious, she exhibited "ordered thought content" and no signs of a depressed mood. (Tr. 451, 459). Likewise, on July 9, 2014, Dr. Carolyn Clark noted that plaintiff exhibited normal concentration, intelligence, behavior, and psychomotor activity. (Tr. 732). Ms. Brown's reported mental health symptoms were described as "stable" in September of 2015, and a May 2016 examination reflected normal psychiatric findings. (Tr. 813, 932). Records from Tanglewood Counseling and Psychology similarly reveal that Ms. Brown exhibited normal cognitive functioning and appropriate affect, as well as intact memory, thought process, and judgment. (Tr. 856).

The Law Judge also reasonably identified seeming inconsistencies in Dr. Gardner's report. For instance, as noted above, Dr. Gardner opined that Ms. Brown is "able to perform simple and repetitive work tasks," "maintain regular attendance in the workplace," and "complete a normal workday or work week without interruptions resulting from her psychiatric condition." (Tr. 848). However, Dr. Gardner simultaneously opined that Ms. Brown "is not able to perform work activities on a consistent basis due to marked impairment of concentration, persistence, or pace." (Tr. 848). The Law Judge was entitled to determine whether Dr. Gardner's opinion was internally

7

inconsistent, and the court is convinced that the Law Judge's decision to discount Dr. Gardner's assessment on this and other grounds is supported by substantial evidence. See Perks v. Astrue, 687 F.3d 1086, 1092 (8th Cir. 2012) (noting that medical "opinions that are internally inconsistent . . . are entitled to less deference than they would receive in the absence of inconsistencies") (internal quotation marks and citation omitted).[3] Accordingly, the plaintiff's first objection is overruled.

In her second objection, Ms. Brown argues that the magistrate judge erred in concluding that substantial evidence supports the Law Judge's assessment of her mental functional limitations. Relying on the decision by the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), Ms. Brown argues that the Law Judge's findings regarding her residual functional capacity ("RFC"), and the corresponding hypothetical question posed to the vocational expert, did not sufficiently accommodate the moderate difficulties with concentration, persistence, or pace, which were found at step three of the sequential evaluation process. For the following reasons, the court is unable to agree.

In Mascio, the Law Judge credited the claimant's diagnosis of an adjustment disorder and also found that she had moderate difficulties with maintaining concentration, persistence, or pace. 780 F.3d at 638. Although the hypothetical posed to the vocational expert "said nothing about Mascio's mental limitations," the vocational expert included an "unsolicited addition of 'unskilled work,'" which "matched the ALJ's findings regarding Mascio's residual functional capacity." Id.

---

[3] Although the Law Judge could have contacted Dr. Gardner and requested clarification regarding the identified inconsistencies, the Law Judge was not required to do so. See 20 C.F.R. § 404.1520b(b) ("If the evidence in your case record is . . . inconsistent, we may . . . recontact your medical source."); see also Palmer v. Saul, 779 F. App'x 394, 398 (9th Cir. 2019) ("The regulation says only that the agency 'may' recontact a medical source, at its discretion. Palmer has not presented—nor are we aware of—any regulation in force at the relevant time period that required ALJs to contact a medical source under any circumstance.").

The Fourth Circuit agreed with other circuits that a Law Judge cannot summarily "account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work,'" since "the ability to perform simple tasks differs from the ability to stay on task." Id. (quoting Winschel, 631 F.3d at 1180). Because the Law Judge provided no explanation for "why Mascio's moderate limitation in concentration, persistence, and pace at step three [did] not translate into a limitation in Mascio's residual functional capacity," the Fourth Circuit concluded that a remand was required. Id. Importantly, however, the Court "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry v. Saul, ___ F.3d. ___, 2020 U.S. App. LEXIS 5904, at *10 (4th Cir. Feb. 26, 2020). Instead, the decision underscored the Law Judge's duty to explain how his RFC findings adequately account for a claimant's work-related limitations. See Mascio, 631 F.3d at 638 ("For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert."). Moreover, "'[w]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." Shinaberry, 2020 U.S. App. LEXIS 5904, at *10 (quoting Winschel, 631 F.3d at 1180).

Upon review of the record in this case, the court concludes that the Law Judge's assessment of Ms. Brown's mental limitations is supported by substantial evidence and that remand is not required under Mascio. The Law Judge specifically found that plaintiff's "mental impairments and resulting limitations in concentrating, persisting, and maintaining pace . . .

9

restrict her to understanding, remembering, and carrying out only simple instructions with few day-to-day changes." (Tr. 27–28). Accordingly, the Law Judge included such limitations, in addition to others, in the RFC assessment. (Tr. 24). The Law Judge noted that the RFC assessment was supported by the objective findings in the record and the opinions of Joseph Leizer, Ph.D., and other state agency consultants. Dr. Leizer opined that Ms. Brown does not have any understanding and memory limitations, and that her mental impairments do not significantly limit her ability to carry out instructions, make simple work-related decisions, perform activities within a schedule, maintain regular attendance, sustain an ordinary routine without special supervision, complete a normal workday or workweek without interruptions from psychologically-based symptoms, or perform at a consistent pace without an unreasonable number of rest periods. (Tr. 101). Although Dr. Leizer noted that Ms. Brown is moderately limited in her ability to maintain attention and concentration for extended periods, his assessment supports the determination that she can nonetheless perform simple or unskilled work. (Tr. 101–04).

In sum, the court believes that the Law Judge reasonably relied on Dr. Leizer's opinions in concluding that, despite her mental impairments and resulting functional limitations, Ms. Brown "remains able to understand, remember, and carry out simple instructions in a work environment with few day-to-day changes." (Tr. 24). The Law Judge found that such restrictions adequately accommodate plaintiff's "limitations in concentrating, persisting, and maintaining pace." (Tr. 28). Thus, unlike in <u>Mascio</u>, the Law Judge did not summarily limit Ms. Brown to unskilled work without further comment or explanation. Instead, the Law Judge formulated specific limitations that he determined would sufficiently accommodate plaintiff's difficulties in this area of functioning. The court is satisfied that the Law Judge adequately explained how his RFC findings accounted for Ms. Brown's mental impairments and related functional deficits, and that the Law

Judge's assessment is supported by substantial evidence. See Shinaberry, 2020 U.S. App. LEXIS 5904, at *14 (distinguishing Mascio, and concluding that a mental limitation to simple, routine, and repetitive tasks was sufficiently explained and supported by substantial evidence). Accordingly, the plaintiff's second objection is overruled.

In her third objection, Ms. Brown argues that the magistrate judge erred in rejecting her argument that the Law Judge failed to properly consider her impairments on a function-by-function basis. In particular, Ms. Brown maintains that the Law Judge failed to adequately address her alleged need to take unscheduled breaks and lie down during the day.

Upon review of the record and applicable caselaw, the court agrees with the magistrate judge that the Law Judge's assessment of Ms. Brown's residual functional capacity is supported by substantial evidence. Although guidelines from the Social Security Administration instruct the Law Judge to take a "function-by-function" approach to determining a claimant's residual functional capacity, SSR 96-8p, 1996 SSR LEXIS 5 (July 2, 1996), the United States Court of Appeals for the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." Mascio, 780 F.3d at 635. Instead, the Court agreed with the Second Circuit that "'[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" Id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

In this case, it is clear from the Law Judge's decision that he considered all of plaintiff's claimed limitations, including her alleged need to lie down multiple times per day, but found that such limitations were inconsistent with the examination findings and other evidence of record. (Tr. 26). The Law Judge noted that Ms. Brown was found do be doing well after undergoing knee

11

surgery in 2014, and that she made satisfactory progress during her subsequent course of physical therapy. (Tr. 26, 659, 661, 669). The Law Judge also noted that there were no examination findings supporting the need for frequent rest periods, and that Ms. Brown advised Dr. Clark in April 2015 that she had recently traveled out of state to care for her mother. (Tr. 765). Similarly, Ms. Brown advised Dr. Gardner that her dizziness and other physical symptoms were "more stable," and that she was capable of cooking, shopping for groceries and doing "most household chores." (Tr. 844) (internal quotation marks omitted). The Law Judge also emphasized that his physical RFC findings were supported by the opinions of the state agency physicians, Dr. Robert McGuffin and Dr. Richard Surrusco, both of whom opined that Ms. Brown's physical problems are not so severe as to prevent performance of light work activity with certain postural limitations and restrictions on lower extremity pushing and/or pulling. (Tr. 85–86, 99–100). Having reviewed the record, the court concludes that the Law Judge adequately considered plaintiff's claimed limitations, and that substantial evidence supports the Law Judge's evaluation of plaintiff's residual functional capacity. Accordingly, the plaintiff's third objection is overruled.

In her fourth and final objection, Ms. Brown argues that the magistrate judge erred in concluding that the Law Judge's assessment of her testimony and subjective allegations is supported by substantial evidence. Although Ms. Brown testified at the administrative hearing that she experiences constant dizziness, daily headaches, disabling knee and back pain, and memory and concentration difficulties, the Law Judge found that Ms. Brown's statements regarding the intensity and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. The Law Judge provided specific reasons for his decision to not fully credit the plaintiff's statements regarding the severity of her symptoms. For instance, the Law Judge noted that the plaintiff's treatment records do not contain examination

findings that support the significant physical limitations described by Ms. Brown. (Tr. 26). The Law Judge emphasized that Ms. Brown "recovered well from knee surgery," that she demonstrated the ability to perform multiple physical movements during physical therapy, that she reported caring for her mother, and that her issues with migraine headaches and kidney disease "require mostly routine follow-up care through a primary care provider and nephrologist." (Tr. 26–28). Indeed, Dr. Clark observed that plaintiff's migraine-related symptoms had "improved" in May and November of 2016, and her nephrologist, Dr. Fletcher Matthews, noted that she was "doing well" in September of 2016. (Tr. 881, 932, 938). The Law Judge also noted that plaintiff's treatment records do not support the existence of significant memory or cognitive limitations. (Tr. 27).

Upon review of the record, the court is unable to discern any reversible error in the Law Judge's credibility findings. The Law Judge considered Ms. Brown's medical history along with her own allegations regarding the symptoms of her physical and mental impairments. The court agrees that the plaintiff's allegations of totally disabling symptoms are somewhat inconsistent with the objective findings on examination, the complaints documented in the treatment records, and plaintiff's reported activities. Ultimately, it is the province of the Law Judge to make credibility determinations and to resolve inconsistencies or conflicts in the evidence. See Johnson, 434 F.3d at 652. In the instant case, the court is satisfied that substantial evidence supports the Law Judge's decision not to fully credit Ms. Brown's testimony. Consequently, the court must overrule the plaintiff's final objection.

In sum, after a de novo review of the record and for the reasons set forth above, the court is constrained to conclude that the final decision of the Commissioner is supported by substantial evidence. Accordingly, the plaintiff's objections to the magistrate judge's report are overruled,

the magistrate judge's recommendation will be adopted, and the final decision of the Commissioner will be affirmed.

The Clerk is directed to send copies of this memorandum opinion to all counsel of record. DATED: This 31st day of March, 2020.

/s/ Glen Conrad
Senior United States District Judge